IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:20-HC-2110-FL

| | |
|---|---|
| DARRYL BUCK, | ) |
| Petitioner, | ) |
| v. | ) ORDER |
| TAMARA S. LYN, Warden, | ) |
| Respondent. | ) |

Petitioner, a federal inmate proceeding pro se, petitions this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter is before the court on respondent's motions to dismiss (DE 13) and to seal (DE 16). Petitioner did not respond to the motions.

## COURT'S DISCUSSION

A.  Motion to seal

Respondent moves to seal certain records filed in support of the motion to dismiss. Having reviewed and considered the motion under the governing standard, the motion to seal is granted. See Doe v. Pub. Citizen, 749 F.3d 246, 271–73 (4th Cir. 2016).

B.  Motion to dismiss

Petitioner challenges his federal conviction for unlawful possession of a firearm, in violation of 18 U.S.C. § 922(g), pursuant to Rehaif v. United States, 139 S. Ct. 2191 (2019). (Pet. (DE 1)). The legality of petitioner's conviction or sentence must be challenged under 28 U.S.C. § 2255 unless "the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); see In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc). Section 2255 is inadequate and ineffective to test the legality of a conviction when:

> (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333–34 (4th Cir. 2000).

Petitioner cannot show that the "substantive law changed such that the conduct of which [he] was convicted is deemed not to be criminal." Id. Based on the current record, Rehaif does not establish that petitioner's unlawful possession of a firearm is no longer criminal. See Greer v. United States, 141 S. Ct. 2090, 2097 (2021); see also Rainner v. Warden FCI Bennettsville, 858 F. App'x 66 (4th Cir. 2021). Accordingly, the court lacks jurisdiction to consider petitioner's claim.

Petitioner's Rehaif claim also is procedurally defaulted where he did not assert the claim during the underlying criminal proceedings or on direct appeal. Massarro v. United States, 538 U.S. 500, 504 (2003); see United States v. Buck, No. 2:08-CR-369-PBT (E.D. Pa.); United States v. Buck, No. 09-410 (3d Cir.). And where petitioner did not respond to the motion to dismiss or attempt to explain his procedural default in the petition itself, he has failed to establish grounds for excusing his default. See Bousley v. United States, 523 U.S. 614, 622 (1998).

## CONCLUSION

Based on the foregoing, respondent's motions to dismiss (DE 13) and to seal (DE 16) are GRANTED, and petitioner's claims are DISMISSED without prejudice. A certificate of appealability is DENIED. The clerk is DIRECTED to maintain docket entry 15 under seal, and to close this case.

2

SO ORDERED, this the 31st day of March, 2022.

_____
LOUISE W. FLANAGAN
United States District Judge

3